UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEAN HEDGES,

    Plaintiff,

v.                                      Case No.:  2:23-cv-15-SPC-KCD

USAA CASUALTY INSURANCE
COMPANY,

    Defendant.
_____/

## **ORDER**

Before the Court is Plaintiff Jean Hedges' Motion for Remand. (Doc. 29.) Defendant USAA Casualty Insurance Company has responded (Doc. 33), making this matter ripe. For the reasons below, Plaintiff's motion is denied.

### **I. Background**

This case arises from an automobile accident. Plaintiff was injured when a third-party driver collided with her vehicle. The other driver apparently didn't carry enough insurance, so Plaintiff contacted her own carrier, USAA, to recover uninsured/underinsured benefits.

To support her request, Plaintiff sent a letter claiming permanent injuries to her neck and lower back. (Doc. 1-5 at 1.) The letter outlined $80,503.82 in medical expenses incurred since the accident, along with a recommendation for future surgery. On top of these hard damages, Plaintiff

claimed "pain and suffering, inconvenience, physical limitations and restrictions[,] and loss of the ability to enjoy life." (*Id.* at 7.)[1] The letter concluded by evaluating Plaintiff's damages "at $1,200,000." (*Id.*)

USAA responded by offering "$30,000 to settle [her underinsured] injury demand." (Doc. 29-1.) Plaintiff then sued in state court, and USAA removed the case here under diversity jurisdiction. (*See* Doc. 1.) Pertinent to the current dispute, USAA cites Plaintiff's demand letter to prove her case exceeds the $75,000 threshold for diversity jurisdiction. (*Id.*)

Plaintiff now wants to go back to state court. She claims remand is necessary because USAA has not satisfied the amount in controversy requirement. (Doc. 29.) According to Plaintiff, the demand letter "should not be considered . . . since it predates the initial pleading." (*Id.* at 2.) What is more, "USAA's own evaluation of the medical records and billing, upon which it now relies, contradicts its contention that the amount in controversy exceeds $75,000.00." (*Id.*)

## II. Legal Standards

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal district court is authorized to

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

assert jurisdiction when the controversy involves citizens of different states and it "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Where the parties are diverse and there is a sufficient amount in controversy, a defendant has a statutory right to remove an action and avail itself of the federal forum. *See* 28 U.S.C. § 1441.

The removing party must establish the jurisdictional requirements by a preponderance of the evidence. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). If this burden is not met, remand is required. *See, e.g.*, *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (vacating order denying remand because the defendant's conclusory assertions were insufficient to satisfy the amount in controversy requirement).

### III. Analysis

Where a plaintiff has made an unspecified demand for damages in the complaint, as here, the removing defendant must otherwise prove the amount in controversy. As noted, diversity jurisdiction triggers at "$75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). USAA relies on Plaintiff's pre-suit demand letter, which includes "outstanding medical bills to date [of] approximately $80,503.82." (Doc. 1 ¶ 15.) USAA submits that "a reasonable reading of [the] demand letter [thus] show[s] that the amount in controversy" is satisfied. (*Id.* ¶ 17.)

Plaintiff does not deny or otherwise challenge the accuracy of her demand letter. Instead, she argues that the Court cannot consider it "since it predates the initial pleading." (Doc. 29 ¶ 3.) Citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160 (5th Cir. 1992), Plaintiff claims that a demand letter sent before suit is filed "forecloses the argument that it establishes the amount in controversy." (*Id.* at 4-5.)

Plaintiff is wrong. *See Chiu v. Terminix Co. Int'l, L.P.*, No. 8:16-CV-306-T-24 JSS, 2016 WL 1445089, at *2 (M.D. Fla. Apr. 13, 2016) (rejecting the same argument as "without support"). *Chapman* and its progeny stand for the proposition that pre-suit demand letters cannot be used to "trigger the running of the thirty-day removal clock." *McManus v. Nat'l Fire & Marine Ins. Co.*, 380 F. Supp. 3d 1260, 1263 (M.D. Fla. 2019). Courts have "adopted a bright-line rule [that]—to decide the triggering of the 30-day removal period—[they] may look only at the pleading[s] or any post-litigation 'other paper' from the plaintiff." *Sullivan v. Nat'l Gen. Ins. Online, Inc.*, No. 3:17-CV-1387-J-32PDB, 2018 WL 3650115, at *6 (M.D. Fla. Apr. 17, 2018). "Thus, pre-suit correspondence, regardless of its reliability, cannot [start] the thirty-day removal clock." *McManus*, 380 F. Supp. 3d at 1263.

But where the timing of removal is not at issue, like here, pre-suit demand letters "are relevant" and "can support removal." *Gagnon v. Petsmart, Inc.*, No. 2:20-CV-676-FTM-38-MRM, 2020 WL 13356800, at *1 (M.D. Fla.

4

Sept. 2, 2020); *see also Boyd v. State Farm Mut. Auto. Ins. Co.*, No. 6:15-CV-1965-ORL-22-TBS, 2015 WL 12838805, at *2 (M.D. Fla. Dec. 16, 2015) ("A pre-suit demand letter may be used to support the amount in controversy"); *Karr v. Allied Prop. & Cas. Ins. Co.*, No. 6:10-CV-1686-ORL-22-GJK, 2011 WL 13298902, at *2 (M.D. Fla. Feb. 17, 2011) (same); *Vickers v. Busch Ent. Corp.*, No. 8:05-CV-1888-T-26TGW, 2005 WL 8160362, at *2 (M.D. Fla. Nov. 4, 2005) (same). Under the Eleventh Circuit's standard, a district court may look to any "evidence existing at the time of removal to determine if the jurisdictional amount is satisfied." *Hartinger v. 21st Century Centennial Ins. Co.*, No. 6:13-CV-1775-ORL-36-TBS, 2014 WL 12629756, at *2 (M.D. Fla. Jan. 3, 2014). The facts in Plaintiff's pre-suit letter undeniably existed at the time of removal. It is thus "permissible evidence of the amount in controversy." *Karr*, 2011 WL 13298902, at *2.

Plaintiff offers an alternative argument. She says that "even if this Court was to consider the pre[-]suit demand, [it] fails to prove . . . that the amount in controversy exceeds the jurisdictional requirement." (Doc. 29 at 5-6.)

To be sure, a demand letter is not always determinative of the amount in controversy. This is because, "by their nature, settlement offers (particularly pre[-]suit) reflect a fair amount of puffing and posturing." *Gagnon*, 2020 WL 13356800, at *1. On the other hand, "settlement offers that provide specific information . . . suggest the plaintiff is offering a reasonable assessment of the

5

value of his claim." *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009). The latter group—settlement offers that are "relevant" and "detailed"—are entitled to more weight and can support removal. *Gagnon*, 2020 WL 13356800, at *1. Put simply, a proposed settlement is relevant evidence of the amount in controversy if it appears to reasonably estimate the claim.

Somewhat ironically, Plaintiff suggests that her pre-suit demand was mere "puffing and posturing." (Doc. 29 at 6.) The Court couldn't disagree more. Plaintiff's letter details the extent of her injuries, the physicians who have treated her, and the medical care she received. (Doc. 1-5.) Plaintiff has incurred more than $80,000 in documented medical expenses, and she is claiming at least one future back surgery. (*Id.* at 2-6.) Given these details, the Court is satisfied the demand letter reflects an honest assessment of the damages instead of puffery. *See Chiari v. Wal-Mart Stores, E., LP*, No. 17-61352-CIV, 2018 WL 4409985, at *6 (S.D. Fla. June 29, 2018) (choosing to consider pre-suit demand letter that was similarly descriptive).

In fact, this isn't even a close case. Plaintiff has *documented medical expenses* in excess of the Court's jurisdictional threshold. (*See* Doc. 1-5 at 2.) Her current effort to challenge the amount in controversy is thus not well taken and borders on frivolous. *See Ronco v. State Farm Mut. Auto. Ins. Co.*, No. 3:14-

6

CV-1238-J-JRK, 2015 WL 13567350, at *3 (M.D. Fla. Apr. 6, 2015) (denying remand where the plaintiff's medical bills exceeded the diversity minimum).

### III. Conclusion

The Court need not suspend reality or shelve good judgment in assessing jurisdiction. Instead, it may view the record using "judicial experience and common sense." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010). Appling that standard here, the Court is satisfied the amount in controversy exceeds its jurisdictional threshold. Accordingly, Plaintiff's motion for remand is **DENIED**.

**ORDERED** in Fort Myers, Florida this March 16, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record